UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                    Chapter 7
                                                          Case No.: 19-75714-reg
    RUSSELL FRAGALA,

    Debtor.
-------------------------------------------------------x
MYER'S LAWN CARE SERVICES, INC.,                          Adv. Proc No.: 19-08150-reg

    Plaintiff,

--against--

RUSSELL FRAGALA,

    Defendant.
-------------------------------------------------------x

## AFFIDAVIT OF RICHARD V. KANTER, ESQ. IN SUPPORT OF HIS MOTION FOR LEAVE TO WITHDRAW AS DEFENDANT'S COUNSEL IN THE ADVERSARY PROCEEDING AND THE MAIN BANKRUPTCY CASE

STATE OF NEW YORK    }
                               } ss.:
SUFFOLK COUNTY       }

    Richard V. Kanter, being duly sworn, deposes and says:

    1.    I am the attorney of record for the defendant, Russell Fragala ("Defendant"), in the above captioned adversary proceeding (the "Adversary"). In this capacity, I am fully familiar with the facts of this case and the representations made herein. Pursuant to E.D.N.Y. L.B.R. 2090-1(d) and Part 1200 - New York Rules of Professional Conduct, I submit this affidavit in support of my motion for an order granting the undersigned, Richard V. Kanter, Esq., leave to withdraw as counsel for the Defendant in the Adversary and the main bankruptcy case, and for the related relief set forth herein (the "Motion to Withdraw").

2. On December 9, 2019, my office was hired by and undertook representation of the Defendant in the Adversary. A copy of the signed and dated retainer agreement ("Retainer Agreement") is annexed hereto as **Exhibit A**. In pertinent part, the Retainer Agreement provides that "in the event that a balance on an invoice remains outstanding for more than 30-days, then [my office], at its option, may choose to terminate its representation of you in the adversary proceeding."

3. From time to time, my office has submitted regular bills to the Defendant in connection with our representation of him in the Adversary. The Defendant has a significant balance that is more than 30 days past due, thus giving my office cause under the Retainer Agreement to withdraw as counsel in the Adversary. Moreover, the Defendant is looking to modify the Retainer Agreement by reducing my hourly rate moving forward in the case, something I am unwilling to do.

4. The current status of this case is as follows: there is an adjourned pretrial conference scheduled for November 30, 2020 at 9:30 a.m. The pretrial order has a deadline of December 15, 2020 to serve written discovery. Rule 7026 disclosures have been exchanged by the parties. There are no motions pending.

5. All billing information and correspondence between the Defendant and my office are available for *in camera* review, as making them available to plaintiff's counsel as exhibits may prejudice the defense of his case.

### **RELIEF REQUESTED AND GROUNDS FOR RELIEF SOUGHT**

6. The undersigned seeks leave to withdraw as counsel of record for the Defendant in the Adversary and the main bankruptcy case, and to be relieved of the obligation of further representing him therein.

7. Rule 1.16(d) of the New York State Rules of Professional Conduct (Part 1200) (the "Professional Rules") provides in pertinent part:

> If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission.

\* \* \*

8. In this district under E.D.N.Y. LBR 2090-1(d):

> An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

9. Rule 1.16 (c) of the Professional Rules provides, in pertinent part, that a "lawyer may withdraw from the representation of a client when:"

> (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;

10. Here, the Defendant has deliberately disregarded his obligations under the Retainer Agreement by having a significant unpaid and past due balance owed to my office for legal fees and expenses, despite due demand for the same. There is also a current balance owed to my office which will likely become past due. There is simply no legal basis that would compel a lawyer to continue to finance a litigation or to render gratuitous services. *See Kay v. Kay*, 245 A.D.2d 549, 666 N.Y.S.2d 728, 729 (2d Dept. 1997).

11. In order to allow the Defendant sufficient time to obtain new counsel, if he so chooses, and to otherwise avoid any prejudice by my withdrawal, I am requesting that this Court adjourn all deadlines under the pretrial order for 30 days.

12. Pursuant to E.D.N.Y. LBR 9077-1, I am seeking a hearing on shortened notice as the Defendant will need to move expeditiously in securing new counsel to represent him in the pending matters in the Adversary. Further, as there are other matters in this case before this Court scheduled to be heard on November 30, 2020 (the adjourned pretrial conference), the time and resources of this Court, and the parties, would best be used in hearing this motion on that date.

13. Finally, I am proposing serving the Motion to Withdraw on the Defendant by first class mail at his home address listed on the bankruptcy petition, and by electronic means on (1) the Office of the United States Trustee; (2) the chapter 7 trustee; and (3) all parties having filed a notice of appearance as of the close of business today.

14. I submit that the Motion to Withdraw does not present novel issues of law requiring the citation to any authority other than as cited above and, accordingly, requests that the filing of a separate brief be waived.

15. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, it is respectfully requested that this Court grant the undersigned's motion for leave to withdraw as attorney of record for the Defendant, to be relieved of the obligation of further representing the Defendant in the Adversary and in the main bankruptcy case, and for such other, different and further relief as this Court may deem just and proper.

_____
Richard V. Kanter

Sworn to before me this
17th day of November, 2020

_____
Notary Public

DEBRA L. FAGIOLO
Notary Public, State of New York
No. 01FA6281369
Qualified in Nassau County
Commission Expires 05/13/20__

EXHIBIT A          EXHIBIT A          EXHIBIT A

Telephone: (631) 845-1400
Facsimile: (631) 752-4603

email: rkanter111@aol.com
website: www.bankruptcyny.com

# Richard V. Kanter
*Attorney at Law*
555 Broadhollow Road
Suite 411
Melville, New York 11747

December 9, 2019

By email and First Class Mail
MR RUSSELL FRAGALA
28 ARBOR FIELD WAY
LAKE GROVE NY 11755-1836

  RE: **Retainer Agreement in case of**
     ***Myer's Lawn Care Services, Inc. v. Russell Fragala***
     **Adv. Proc. No.: 19-08150-reg**

Dear Mr. Fragala:

  This letter is to memorialize the agreement between you and this firm (the "Firm") under which the Firm will advise, counsel and represent you in connection with a defense of a legal action styled as *Myer's Lawn Care Services, Inc. v. Russell Fragala*, Adv. Proc. No.: 19-08150-reg, commenced in the United States Bankruptcy Court for the Eastern District of New York. The action is a proceeding related to your underlying Chapter 7 liquidation case which is also pending in this district.

  You shall be billed at the Firm's customary hourly rate of $350.00 per hour for attorney time and up to $95.00 per hour for paralegals and at such higher rate as the Firm from time to time may fix (increases usually occur in January of each year). In addition to any legal fees, you agree to reimburse the Firm for any reasonable and necessary out-of-pocket disbursements, such as court fees and costs, travel (if required), photocopies, facsimile, etc. From time to time, but at least every 60 days, the Firm will furnish you with an itemized statement of fees and expenses incurred.

  In the event that a balance due on an invoice remains outstanding for more than 30-days, then the Firm, at its option, may choose to terminate its representation of you in the adversary proceeding.

  You are aware of the risks of litigation. It is specifically acknowledged by you that the Firm has made no representation to you, expressed or implied, concerning the outcome of the litigation for which you have retained the Firm.

  If you find the foregoing constitutes a correct and complete statement of the agreement under which the Firm has been retained by you, please execute the agreement in the space provided below. Kindly return a copy of this letter once fully executed by email or facsimile.

MR RUSSELL FRAGALA
Retainer Agreement
December 9, 2019
page 2


      This Agreement is contingent upon the receipt, and collection by the Firm, of an initial minimum retainer of $7,500.00.

Very truly yours,

Richard V. Kanter

AGREED & ACCEPTED:

_____
MR RUSSELL FRAGALA

RVK/mt

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 7
                                                    Case No.: 19-75714-reg
    RUSSELL FRAGALA,

        Debtor.
-----------------------------------------------------------x
MYER'S LAW CARE SERVICES, INC.,                     Adv. Proc No.: 19-08150-reg

        Plaintiff,

        --against--

RUSSELL FRAGALA,

        Defendant.
-----------------------------------------------------------x

===============================================================================
**MOTION TO WITHDRAW AS ATTORNEY FOR RUSSELL FRAGALA IN ADVERSARY PROCEEDING AND IN THE MAIN BANKRUPTCY CASE**
===============================================================================

Submitted By:

Richard V. Kanter, Esq.
555 Broadhollow Road, Suite 411
Melville, New York 11747
T/ (631) 845-1400
F/ (631) 752-4603

Attorney for Defendant,
Russell Fragala