UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

                                          Case No. 8-19-75714-reg

Russell Fragala
aka Russell L. Fragala,

                                          Chapter 7

                    Debtor.
------------------------------------------------------------------x
Myer's Lawn Care Services, Inc.,

                    Plaintiff,        Adv. No. 19-08150-reg

      - against -

Russell Fragala,
                    Defendant.
------------------------------------------------------------------x

**DECISION AND ORDER**
**GRANTING PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES**
**(ECF No. 109)**

Before the Court is a request by Myer's Lawn Care Services, Inc. ("Myer's" or "Plaintiff") for reasonable expenses in connection with its motion to compel discovery (the "Motion"). Myer's alleges that the Debtor, Russell Fragala ("Fragala" or the "Debtor") failed to comply with discovery requests until long after the filing of the Motion, despite Plaintiff's good faith efforts to obtain compliance. *See* Fed. R. Civ. Proc. 37(a)(5)(A). For the reasons set forth below, the Court grants Plaintiff's request for reasonable expenses in the amount of $4,900.00.

**FACTS**

The Debtor filed this chapter 7 bankruptcy case on August 15, 2019. On November 15, 2019, Myer's commenced this adversary proceeding. On October 12, 2021, Myer's served Fragala with a interrogatories and requests for production of documents. Mem. of Law in Supp.

1

of Pl.'s Mot. for Order Compelling Disc. ("Motion"), ECF No. 108, ¶ 34. Fragala's responses were due by November 12, 2021. *Id.* ¶ 36. On December 13, 2021, Plaintiff's counsel emailed Debtor's counsel stating that the discovery requests were overdue and requesting compliance within ten days. *Id.* Debtor's attorney did not respond to the email or comply with the discovery demand. *Id.*

On January 19, 2022, Myer's filed the instant motion asking the Court to compel Debtor to respond to discovery by February 14, 2022. In the Motion, Plaintiff also requests payment of its reasonable expenses, including attorney's fees, incurred in making the Motion. *See* Fed. R. Civ. P. 37(a)(5). Objections to the Motion were due February 2, 2022 and a hearing on the Motion was scheduled for February 14, 2022. The Debtor did not file written opposition. Instead, on February 10, 2022, Debtor's counsel requested that the February 14th hearing be adjourned due to family issues. Pl.'s Supp. to Motion, ECF No. 111, ¶ 11. Plaintiff's counsel consented to adjourn the hearing to April 4, 2022 on the condition that discovery responses be provided by February 24, 2022. *Id*. ¶ 13. Debtor's counsel agreed. *Id*.

On March 5, 2022, Myer's filed a supplement to its Motion advising that Debtor did not turn over documents by the February 24th deadline, and requesting a new deadline be set for March 10, 2022. Pl.'s Suppl. to Motion, ECF No. 111. On March 7, 2022, Debtor responded to the discovery. On March 8, 2022, Plaintiff's counsel wrote to Debtor's counsel explaining that the information provided was "evasive and incomplete." Letter in Supp. of Pl.'s Req. for Expenses, ECF No. 114.

An adjourned hearing on the Motion was held on April 4, 2022. Debtor's counsel did not appear. In light of Debtor's March 7th discovery response, the Court denied that portion of Plaintiff's motion which sought to compel the Debtor to comply with the discovery requests and

enjoined the Debtor from introducing any evidence at trial which was not previously turned over. At that time, the Court granted Plaintiff's request for reasonable expenses and directed Myer's to provide support for its request for fees and expenses in the amount of $4,900.00. Order 1–2, ECF No. 113.

On April 13, 2022, Plaintiff filed a detailed letter in support of its request for fees and expenses. Letter in Supp. Of Pl.'s Req. for Expenses, ECF No. 114. Debtor responded the same day by letter objecting to the request for fees. Letter Req. Relief from Sanctions 1, ECF No. 115. Debtor's counsel did not dispute any of the allegations that he did not respond to emails or respond to the requested discovery in a timely manner. Instead, Debtor argued that he had provided full and complete responses to the discovery requests a month before the adjourned hearing and informed Plaintiff's counsel that any other documents were not turned over because they had been destroyed. *Id.* As such, Debtor argued, that there was no reason for Plaintiff to continue to press its Motion at the April 4th hearing. Debtor's counsel explained that he did not appear at the April 4th hearing due to mis-calendaring. *Id.*

## DISCUSSION

Rule 37 sanctions ensure a party will not benefit from its failure to comply with discovery requests, deter and compel compliance with discovery orders, and deter further discovery abuses in the specific case and in litigation broadly. *Update Art, Inc. v. Modiin Pub, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *see also Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976). Under Fed. R. Civ. P. 37(a)(5)(A), incorporated by Fed. R. Bankr. P. 7037, if a court grants a motion to compel discovery,

> or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct,

>or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 7037(a)(5)(A). Thus, the movant "is presumptively entitled to an award of motion expenses, including reasonable attorney's fees." *Kregler v. City of New York*, No. 08 Civ. 6893 (VM)(MHD), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013). However, this presumption is rebuttable and the Court may not award sanctions if one of three exceptions applies: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); *see Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (citing 7 James Wm. Moore, *Moore's Federal Practice* § 37.23 at 37–41 (3d ed. 2008)). The burden is "on the losing party to avoid assessment of expenses and fees . . . ." *Pegoraro v. Marrero*, No. 10 Civ. 00051(AJN)(KNF), 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (quoting 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2288 (3d ed. 2010)) (internal quotation marks omitted).

### A. Rule 37(a)(5) Sanctions

Myer's filed the Motion on January 19, 2022. By Debtor's own admission, he did not comply with the discovery requests until March 7, 2022—nearly four months after the initial due date. It was not until after Plaintiff's counsel filed the Motion, and then renewed his request for an order compelling discovery on March 5, 2022, that Debtor responded to the requested discovery. Thus, the Court must award sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A) unless one of the three exceptions applies.

*1. Good faith*

E.D.N.Y. LBR 7007-1 requires all discovery motions under Bankruptcy Rule 7037 to be supported by an affidavit certifying that the movant has made a good faith effort to confer with the opposing party to resolve the discovery dispute at issue without judicial intervention but has been unable to reach an agreement. Myer's motion complies with this requirement. *See* Cert. of Good Faith, ECF No. 110. E.D.N.Y. LBR 7007-1 also requires that the moving party request a pre-motion conference prior to filing a discovery related motion. However, this requirement can be waived at the discretion of the Court. E.D.N.Y. LBR 1001-1(d); *see Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1048–49 (2d Cir. 1991).

The Court finds that the failure to request a pre-motion conference is not fatal to the request for reasonable expenses incurred in making the Motion. The facts bear out that the Motion was in fact necessary to gain Debtor's compliance with discovery and it is unlikely that any pre-motion conference would have changed the outcome of, or the necessity for, the Motion. Discovery was served on October 12, 2021. Responses were due on November 12, 2021. Plaintiff's counsel sent a letter to Debtor's counsel on December 12, 2021, prior to filing the Motion, requesting compliance with discovery, and Debtor's counsel did not respond. This satisfies the requirement that the moving party make a good faith effort to obtain compliance without court action.

*2. Substantially justified*

"Whether a party was substantially justified in resisting discovery is determined by 'an objective standard of reasonableness and does not require that the party have acted in good faith.'" *Underdog Trucking, L.L.C.*, 273 F.R.D. at 377 (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995)). "[C]onduct is substantially justified if

there was a 'genuine dispute' or 'if reasonable people could differ' as to the appropriateness of the contested action." *Id.*

Debtor offers no explanation for his failure to provide documents in a timely manner other than that the bulk of the documents were destroyed. However, assuming this is true, Debtor could have stated as much in a timely response to discovery. Debtor provides no other justification for the delay. The Court finds that Debtor was not substantially justified in failing to comply with Plaintiff's discovery requests in a timely manner.

    *3.    Other circumstances*

There are no other circumstances which would make an award of fees and costs unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii); *Ford v. Am. Signature, Inc.*, Case No. 18CV1200V, 2020 WL 435356, at *6 (W.D.N.Y. Jan. 28, 2020) (holding that imposing discovery sanctions on *pro se* parties proceeding *in forma pauperis* is unjust under Fed. R. Civ. P. 37(a)(5)(A)(iii)); *Spencer v. Kenny*, Case No. 3:11cv50(RNC), 2015 WL 6958009, at *2 (D. Conn. Nov. 10, 2015) (finding defendant did not meet his burden to establish that there were other circumstances to make an award of expenses unjust). *Cf. SEC v. Yorkville Advisors, LLC*, Case No. 12 Civ 7728(GBD)(HBP), 2015 WL 855796, at *9 (S.D.N.Y. Feb. 27, 2015) (finding that it was not unjust to award discovery sanctions where the defendants were forced to make a motion and incur expenses as a result of the plaintiff's failure to comply and that one party's noncompliance with discovery requirements did not excuse the other's failure to comply).

Debtor's counsel argues that the response to discovery on March 7th should have mooted the Motion including the request for reasonable expenses. The Court disagrees. A discovery response provided nearly four months after the initial deadline, and two months after the filing of a motion to compel, does not negate the dictates of Rule 37(a)(5)(A). The Court finds there are

no other circumstances which would make an award of fees and costs unjust. Since no exception applies, Rule 37(a)(5)(A) mandates that the Court order the non-moving party to pay the movant's reasonable expenses, including attorney's fees.

### B. Reasonableness of the Fee Award

In the Second Circuit, fee awards are determined according to the lodestar formula. That is, by "calculating the reasonable number of hours spent multiplied by a reasonable hourly rate." *Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103 (E.D.N.Y. 2002); *accord Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court has discretion to determine the reasonableness of fees based on the court's knowledge of community rates and the attorney's experience. *Creative Res. Grp.*, Inc., 212 F.R.D. at 94. As an equitable exercise, the lodestar figure may be adjusted by the court based on other criteria. *Id.*; *see also Hensley*, 461 U.S. at 437.

Plaintiff's counsel spent a total of twenty-one (21) hours at a rate of $350.00 per hour communicating with Debtor's counsel about the failure to respond to the discovery requests, drafting and filing the Motion, conferring with Debtor's counsel over an extension of time to respond to the discovery requests, filing supplements to the Motion, and preparing for and attending the hearing on the Motion. Letter in Supp. of Pl.'s Req. for Expenses, ECF No. 114. Plaintiff's counsel billed a total of $7,350.00 in attorney's fees and is requesting a reduced amount of $4,900.00. *Id.*

The Court finds that the amount requested is reasonable. Plaintiff's counsel's efforts were necessitated by the Debtor's non-compliance and the substantial delay in responding to discovery is reflected in counsel's fees as set forth in the facts above.

### C. Liability

The Motion is unclear as to how liability should be apportioned. Rule 37 allows courts to hold the attorney, the client, or both liable for the sanctions award and gives courts broad discretion to apportion liability. Fed. R. Civ. P. 37(a)(5)(A); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537 at *29 (S.D.N.Y. Sept. 26, 2019). Courts have held attorney and the client jointly and severally liable for discovery sanctions in two circumstances: (1) when the conduct amounts to a coordinated effort between attorney and client and both are equally at fault, *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990); *Lan v. Time Warner, Inc.*, 2016 WL 928731, at *2 (S.D.N.Y. Feb. 9, 2016); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps.*, Case No. 00 Civ. 3613(LAP), 2004 WL 1943099, at *25 (S.D.N.Y. Aug. 27, 1994); and (2) where the facts show that the attorney was primarily responsible for the discovery misconduct, *In re Omeprazole Pat. Litig.*, Case No. M-21-81(BSJ), MDL 1291, 2005 WL 818821, at *16 (S.D.N.Y. Feb. 18, 2005).

Here, there is no evidence or allegation that the Debtor coordinated with his counsel to delay discovery nor is there any evidence showing that Debtor's counsel was primarily responsible for the discovery delays. Absent any clear indication that Debtor's counsel was primarily responsible for the delays, the Court will assume that counsel was following the direction of his client and the responsibility for the discovery sanction will fall on the Debtor alone.

## CONCLUSION

For the foregoing reasons, the Court finds the Debtor liable for Plaintiff's reasonable expenses of $4,900.00 in connection with the Motion.

So ordered.



Dated: Central Islip, New York
September 22, 2022

Robert E. Grossman
United States Bankruptcy Judge